# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF MASSACHUSETTS
# BOSTON DIVISION

| | |
|---|---|
| **BIENA, LLC**<br><br>    **PLAINTIFF**<br><br>vs.<br><br>**GRANDMA LU'S SPICE CABINET, INC.**<br><br>    **DEFENDANT.** | Case No. _____ |

## COMPLAINT FOR DECLARATORY JUDGMENT AND RELIEF

Plaintiff Biena, LLC ("Biena" or "Plaintiff") files this Complaint for declaratory judgment against Defendant Grandma Lu's Spice Cabinet, Inc. ("GL" or "Defendant").

## NATURE OF THE ACTION

1. Plaintiff seeks a declaratory judgment of non-infringement of alleged trade dress, trademarks and copyright rights asserted against Plaintiff by Defendant. Plaintiff further seeks declaratory judgment that any trade dress or copyright rights asserted by Defendant are unenforceable. Finally, Plaintiff seeks declaratory judgment that it is not liable to Defendant under any other theory of liability that has been threatened, namely unfair competition.

## PARTIES

2. Biena, LLC is a Massachusetts limited liability company with its principal place of business at 119 Braintree Street, Suite 409, Boston MA 02134.

3. Upon information and belief, GL is a Delaware corporation with a mailing address of P.O. Box 1428, Austin, TX 78767.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction of this civil action for Declaratory Judgment under 28 U.S.C. §§ 2201 and 2202 (Declaratory Judgments Act); 15 USC §1125 *et seq.* (Lanham Act); and 17 U.S.C. § 101 *et seq.* (Copyright Act); 28 U.S.C. §§ 1331, 1332 and 1338; and 15 U.S.C. § 1121.

5. Defendant GL is subject to the personal jurisdiction of this Court because GL has directed substantial commercial activities related to the sale of the products at issue in the State of Massachusetts and conducts business generally within this state.

6. In addition, Defendant's threats and demands were directed to Plaintiff in the state of Massachusetts and any harm caused by those threats and demands is occurring (and has occurred) in this state.

7. Venue is proper in this Court under 28 U.S.C. § 1391 because Defendant is subject to the personal jurisdiction of this Court in this Judicial District, and thus qualifies as a resident of this Judicial District under 28 U.S.C. § 1391(c)(2).

8. Venue is also proper because Biena is a Massachusetts limited liability company which is located in this Judicial District and conducts business in this district, and thus a substantial part of the events that give rise to the alleged infringement arise in this Judicial District.

**FACTUAL BACKGROUND**

9. Biena is an award-winning snack food company located in Boston, MA. Biena sells a line of chickpea snacks, which are marketed and sold under the BIENA® brand and trademark. Biena's chickpea snacks come in a variety of flavors. The product is sold in a rectangular re-sealable plastic bag, which is commonly used in the snack industry. The product

packaging also has an irregularly shaped transparent window through which consumers can see the product inside.  The window is surrounded by unique and distinctive graphical elements that let the consumer know which flavor is inside (*e.g.* the window on the habanero flavored product is surrounded by distinctive and brightly colored illustrated flames).  Each flavor also comes in a unique colored bag with various different artistic attributes that identify the specific flavor to the consumer.  Each flavor prominently features the BIENA® house mark (U.S. Registration No. 4,184,336), followed by the product descriptor "Chickpea Snacks" and the particular flavor of that product.  Currently, two of Biena's product flavor packages feature all-black fonts.  The other product flavor packages feature the BIENA® house mark in yellow with the product descriptor and flavors in white font.

10. GL sells a line of products made of dehydrated green peas, which are sold under the WORLD PEAS brand.

11. GL's WORLD PEAS products are sold in a trapezoidal or tapered re-sealable plastic bag, which is commonly used in the snack industry.

12. The top of GL's packaging is wider than the bottom.

13. GL's product packaging also has a circular transparent window through which consumers can see the product inside.

14. Each flavor in GL's product line comes in a colored bag which is unique to the flavor and has various artistic attributes that further identify the specific flavor to the consumer.

15. The practice of incorporating color and artistic elements to denote flavor is common in the snack food industry.

16. The packaging for each of GL's flavors prominently features the registered WORLD PEAS brand in white font, followed by the particular flavor of that product.

17. The flavor descriptors on GL's product packaging appear in a different color depending on the flavor (*e.g.* gold for Hungarian Garlic, green for Nagano Wasabi, orange for Spicy Sichuan).

## DEFENDANT'S ACTS COMPRISING ACTUAL CONTROVERSY

18. On June 19, 2015, counsel for GL sent a cease and desist letter to Biena alleging that Biena's packaging "copies the copyrights, trademarks and trade dress associated with [GL's] brand, World Peas." The letter demanded that Biena "immediately cease and desist from any further infringement" and warned that Biena's continued use of its packaging may "subject your company to serious penalties and damages." GL's letter went on to threaten, "[a]bsent . . . compliance with the requests in this letter, Grandma Lu's will have no choice but to explore all rights and remedies with respect to your company's unauthorized use of Grandma Lu's intellectual property . . . ."

19. Biena, though counsel, responded to the letter by requesting precise description of GL's alleged trade dress as well as documentation of GL's claimed rights (including support for GL's position that its alleged trade dress had achieved secondary meaning). GL did not (and has not) provide the information requested.

20. On July 28, 2015, counsel for GL sent another letter attempting to identify the similarities in the parties' respective packaging as follows:

> (1) Color of bags - Our client spent considerable time and expense in the development of branding colors that would build recognition of consumers. Your client's recent packaging appropriates those colors for a competing brand.
>
> (2) Size of bags - Recently, your client has altered the size of its packaging to almost identically match that of our clients.
>
> (3) Layout of bags – Within this marketplace, our client was the first to use the simple, large round window on the bag and has used this packaging design

exclusively within this marketplace for several years. Until recently, your client's packaging had two smaller windows. Now, the bags have a window shape almost identical to that of our client's that is positioned in almost the exact same place on the bags. Further, your client removed their logo from the earlier packaging to leave only the name, causing it to look more like that of our client's.

(4) Layout of back of packaging – Our client has long included a quote from its founder, Anish Sheth, on the back of its packaging. This quote is key to the branding of our client. Your client has now appropriate the use of a quote from the founder as well.

21. In addition to packaging colors which vary from flavor to flavor, the ubiquitous size of the snack food bag, the use of a round window, and a quote from GL's founder on the back of the bag, the letter complains of Biena's product weight, the placement of its FDA-mandated "nutritional facts" panel and price.

22. GL is claiming proprietary trade dress rights in the use of trapezoidal or tapered 5 ounce (approx.) plastic re-sealable bags in various colors with a round product viewing window on the front and a quote from the company's founder on the back.

23. GL's letter reiterates its demand that Biena re-design its packaging, and goes on to state "[w]e have been authorized to take steps necessary to protect our client's proprietary interests in this regard, which, in the absence of swift resolution, may involve litigation."

24. Subsequent attempts by Biena's counsel to obtain a more specific description of GL's claimed rights, as well as evidence of secondary meaning, have gone unanswered.

**FIRST CLAIM FOR RELIEF**
**(Unenforceability of Trade Dress – Product Packaging)**

25. Plaintiff re-avers and re-states the foregoing Paragraphs inclusively as if fully set forth herein.

26. This is a declaratory judgment action under the Trademark Laws of the United

States, 15 U.S.C. §1125, *et seq.* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. As an actual justiciable controversy exists by way of the credible threat of immediate litigation and demand to cease and desist use of Plaintiff's packaging, Plaintiff seeks relief from this Court.

27. Plaintiff requests an order declaring that the Defendant's alleged trade dress rights for the product packaging used in conjunction with its dehydrated green pea-based snack food, including, but not limited to, trapezoidal or tapered 5 ounce (approx.) plastic re-sealable bags in various colors with a round product viewing window on the front and a quote from the company's founder on the back, lack the requisite legal requirements to be protectable and enforceable, namely distinctiveness or secondary meaning.

### SECOND CLAIM FOR RELIEF
### (Non-Infringement of Trade Dress)

28. Plaintiff re-avers and re-states the foregoing Paragraphs inclusively as if fully set forth herein.

29. This is a declaratory judgment action under the Trademark Laws of the United States, 15 U.S.C. §1125, *et seq.* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. As an actual justiciable controversy exists by way of the credible threat of immediate litigation and demand to cease and desist use of Plaintiff's packaging, Plaintiff seeks relief from this Court.

30. Plaintiff is entitled to declaratory judgment that it is not infringing, has not infringed, and is not liable for infringing any allegedly enforceable trade dress rights owned by Defendant.

### THIRD CLAIM FOR RELIEF
### (Non-Infringement of Trademarks)

31. Plaintiff re-avers and re-states the foregoing Paragraphs inclusively as if fully set forth herein.

32. This is a declaratory judgment action under the Trademark Laws of the United States, 15 U.S.C. §1125, *et seq.* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. As an actual justiciable controversy exists by way of the credible threat of immediate litigation and demand to cease and desist use of Plaintiff's packaging, Plaintiff seeks relief from this Court.

33. Plaintiff is entitled to declaratory judgment that its descriptive use of the term "Chickpea Snacks" is not infringing, has not infringed, and is not liable for infringing any allegedly enforceable trademark rights owned by Defendant, namely Defendant's WORLD PEAS mark.

### FOURTH CLAIM FOR RELIEF
### (Invalidity of Copyright and Lack of Standing)

34. Plaintiff re-avers and re-states the foregoing Paragraphs inclusively as if fully set forth herein.

35. This is a declaratory judgment action under the United Sates Copyright Act of 1976, 17 U.S.C. § 101 *et. seq.* (the "Copyright Act") and 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act). As an actual justiciable controversy exists by way of the credible threat of immediate litigation and demand to cease and desist use of Plaintiff's packaging, Plaintiff seeks relief from this Court.

36. Plaintiff requests an order declaring that the alleged copyright(s) asserted by the

Defendant in the layout or design of its product packaging are invalid and unenforceable, and that Defendant lacks standing to assert its rights thereunder for, *inter alia*, the following not all-inclusive reasons:

(a) an absence of federal copyright registration(s);

(b) an absence of sufficient creativity and originality to be entitled to copyright protection or registration; and

(c) the packaging merely consists of a combination of known elements, components, depictions and/or shapes, all of which are in the public domain, and are not entitled to copyright protection or registration.

### FIFTH CLAIM FOR RELIEF
### (Non-Infringement of Copyright)

37. Plaintiff re-avers and re-states the foregoing Paragraphs inclusively as if fully set forth herein.

38. This is a declaratory judgment action under the United States Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* (the "Copyright Act") and 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act). As an actual justiciable controversy exists by way of the credible threat of immediate litigation and demand to cease and desist use of Plaintiff's packaging, Plaintiff seeks relief from this Court.

39. Plaintiff is entitled to declaratory judgment that it is not infringing, has not infringed, and is not liable for infringing any valid copyright owned by Defendant relating to the packaging of Defendant's products.

### SIXTH CLAIM FOR RELIEF
### (No Unfair Competition)

40. Plaintiff re-avers and re-states the foregoing Paragraphs inclusively as if fully set forth herein.

41. This is a declaratory judgment action under federal and state unfair competition laws, and 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act). As an actual justiciable controversy exists by way of the credible threat of immediate litigation and demand to cease and desist use of Plaintiff's packaging, Plaintiff seeks relief from this Court.

42. Plaintiff is entitled to declaratory judgment that the use of its product packaging does not unfairly compete with Defendant or otherwise subject Plaintiff to liability to Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant relief against GL as follows:

A. An order declaring that GL's asserted trade dress lacks the requisite legal requirements to be protectable and enforceable;

B. An order declaring that Biena has not infringed on any valid trade dress rights owned by GL;

C. An order declaring that Biena has not infringed on any valid trademark rights owned by GL;

D. An order declaring that GL's asserted copyrights lacks the requisite legal requirements to be protectable and enforceable and that GL lacks standing to assert those rights in federal court;

E. An order declaring that Biena has not infringed on any valid copyright rights owned by GL;

F. An order declaring that Biena's packaging does not otherwise subject Biena to liability to GL under state and/common law unfair competition laws;

G. Award Biena its costs and expenses of litigation, including reasonable attorneys' fees; and

H. Such further relief as this Court deems reasonable and just.

Dated: August 11, 2015                          Respectfully submitted,

                                                           By: /s/ Yixin H. Tang
                                                          YIXIN H. TANG (BBO#669191)
                                                          AMIN TALATI & UPADHYE, LLC
                                                          55 W. Monroe St., Suite 3400
                                                          Chicago, IL 60603
                                                          Telephone: (312) 784-1073
                                                          Facsimile: (312) 884-7352
                                                          yixin@amintalati.com

                                                          Attorney for Plaintiff, Biena, LLC

Of Counsel:

Ryan M. Kaiser (*pro hac vice to be filed*; ryan@amintalati.com)
AMIN TALATI & UPADHYE, LLC
55 W. Monroe St., Suite 3400
Chicago, IL 60603
Telephone: (312) 327-3328
Facsimile: (312) 884-7352


Saira J. Alikhan (*pro hac vice to be filed*; saira@amintalati.com)
AMIN TALATI & UPADHYE, LLC
55 W. Monroe Street St, Suite 3400
Chicago, IL 60603
Telephone: (312) 784-1065
Facsimile: (312) 884-7352